**STATE, Plaintiff-Appellee, v. LIGGETT, Defendant-Appellant.**

Ohio Appeals, First District, Clermont County.

No. 175. Decided June 1, 1948.

502

Ray Bradford, Pros. Atty., Hugh C. Nichols, Asst. County Prosecutor, Batavia, for plaintiff-appellee.

Charles H. Wilson and Joseph D. Martin, for defendant-appellant.

## OPINION

By THE COURT:

The defendant was arrested on a warrant issued by a justice of the peace, charging her with unlawfully and cruelly punishing her stepson, Larry Liggett, a minor under sixteen years of age, contrary to §12970 GC. She was bound over, under bond, to await the action of the grand jury. The grand jury returned an indictment against her charging her with unlawfully assaulting Larry Liggett with intent to kill, contrary to §12421 GC. A jury returned a verdict of guilty as charged in the indictment, the Court overruled a motion for a new trial, and sentenced her to imprisonment in the Ohio State Penitentiary for Women for not less than one year nor more than fifteen years, and to pay the costs of the prosecution. The case is before this Court for review on her appeal from that sentence.

A reading of this record discloses that Larry Liggett is a child in the first grade in the public schools, and, perhaps, between six and seven years of age. The defendant is the

second wife of his father, who also had a daughter between seven and eight years of age by the first marriage. The defendant also had a son by a first marriage. These constituted the family.

All the evidence discloses that Larry Liggett had certain filthy, insanitary habits, and that the defendant and his father punished him in various ways in an effort to correct him of these habits. This is admitted by the defendant. Both defendant and Larry Liggett's father testified that each of them had inflicted corporal punishment upon him. The defendant testified that she used her hand and on occasion a hair brush, and that some bruises on his buttock were caused thereby.

When Larry Liggett was examined by the school officials, and by physicians at their instance, it was discovered that there were extensive and severe bruises, cuts and discolorations on both the rear and front parts of his body in various places and that there were bruises on his neck, having the appearance of finger marks. There was substantial evidence of these physical injuries, indicating punishment far in excess of that which the law authorizes one standing in loco parentis to inflict. They were not such, however, as to cause anyone to reasonably anticipate any permanent injury, much less death as a result, and as a matter of fact he was back in school within one week, and was perfectly well at the time of trial, which was six weeks thereafter. The record does not show definitely how long before that he had entirely recovered, but it does show that his recovery was normal for superficial wounds.

There is no evidence in the record that defendant ever made a threat against Larry Liggett that would indicate that she had any intention to kill him. There is no evidence that if she had any such purpose, she could not have accomplished it. No one interfered with her at any time. After punishing him, she discontinued of her own volition.

We have searched this record and have failed to find any substantial evidence of any intent to kill.

The trial court submitted the issues in this case to the jury in a charge that fully set forth the applicable law. At the close of the charge, the Court asked counsel for defendant whether they desired any further charge, and in response they requested that the jury be instructed "that a parent or person having supervision of a young child have the right to administer corporal punishment commensurate with acts complained of or committed by said child." The Court refused to so charge and we think was correct in so refusing.

Both by common law and by statutes there are bounds set for the right of the parent to discipline a child. In 39 Am. Jur., 601, it is said: "But at the same time, the law, in its regard for the safety of the child, has prescribed bounds beyond which parental discipline shall not be carried. In chastising a child, the parent must be careful that he does not exceed the bounds of moderation, and inflict cruel and merciless punishment; if he does, the law will refuse longer to recognize his parental privilege." See also: **30 O. Jur., 658.** And by §12970 GC, a parent is subject to a fine and imprisonment for cruelly and unlawfully punishing his child.

While we are of the opinion that the conviction for assault with intent to kill cannot be sustained, we do find that the conviction should be sustained for the lesser and included offense of assault and battery.

For these reasons, the verdict and judgment are modified by reducing them to a finding of guilty of assault and battery, and the judgment, as so modified, affirmed.

Under authority of §§13449-1 and 13459-6 GC, the cause is remanded to the Common Pleas Court for sentence and further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.