**In re SCHUERMAN.**

[Cite as *In re Schuerman* (1991), 74 Ohio App.3d 528.]

Court of Appeals of Ohio,
Paulding County.

Nos. 11–90–22, 11–90–23.

Decided June 12, 1991.

*Cook & Troth* and *Glenn H. Troth,* for appellant Maria Friesner.

*Young, Taylor & Steele* and *Kevin H. Taylor,* for appellee Robert Schuerman.

*R. Kelly Ormsby III,* Prosecuting Attorney, for appellee Paulding County Dept. of Human Services.

---

THOMAS F. BRYANT, Presiding Judge.

These appeals are brought by Maria Friesner from judgments entered by the Juvenile Division of the Common Pleas Court of Paulding County awarding custody of Friesner's two children to her ex-husband.

Appellant and Robert Schuerman were divorced in 1984. The couple are parents of two children, Amber, born September 16, 1981, and Jason, born January 1, 1980. On June 18, 1990, Amber and Jason were visiting their father for Father's Day. Schuerman noticed a substantial number of bruises on Amber's legs and upper thighs. When asked about these bruises, Amber replied "[t]hat ain't nothing, you ought to see the ones on my bottom." Amber stated that her mother spanked her with a belt or sometimes a paddle for failing to do her chores. Schuerman took the children to the Van Wert Sheriff's Department to report the incident. Eventually, both children were placed in the temporary custody of the Department of Human Services of Paulding County.

The Paulding County Department of Human Services filed two separate complaints against Maria Friesner, one alleging the abuse of Amber Schuerman and the other alleging the dependency of Jason Schuerman. The trial court held an adjudicative hearing on July 18, 1990 at which it found Amber to be an abused child and Jason to be a dependent child. The dispositional judgment, after hearing held October 3, 1990, ordered that the children be placed in the temporary custody of their father, Robert Schuerman, subject to the exercise of visitation rights by the mother, Maria Friesner.

It is from these two judgments that appellant now appeals. Appellant's appeal in case No. 11–90–22 assigns three assignments of error, the first and second alleging:

"The judgment and entry of the trial court dated September 10, 1990, concluding Amber Schuerman is an abused child, is manifestly against the weight of the evidence.

"The trial court, in its judgment and entry dated September 10, 1990, abused its discretion in determining that Amber Schuerman is an abused child."

■ To prove child abuse or dependency at an adjudicatory hearing, the state, to justify the government's intrusion into the family unit, must prove its allegations by clear and convincing evidence. See Juv.R. 29(E)(4). See, also, *In re Sims* (1983), 13 Ohio App.3d 37, 39, 13 OBR 40, 41, 468 N.E.2d 111, 114. The Paulding County Department of Human Services filed two complaints against Maria Friesner, the first alleging Amber Schuerman to be an endangered child, and therefore an abused child, and the second alleging Jason Schuerman to be a dependent child.

R.C. 2919.22, concerning endangered children, states in pertinent part:

"(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

"(1) Abuse the child[.]"

An "abused child" is defined in R.C. 2151.031 as any child who:

"(B) Is endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child * * *."

■ The Revised Code does not specifically define what actions constitute the abuse of a child. Thus, the trial court, in its broad discretion, is to make its determination of abuse on a case-by-case basis. See *In re Noftz* (Aug. 22, 1986), Huron App. No. 85–10696, unreported, 1986 WL 9098. The court is to review the totality of the circumstances, looking for any form of cruelty to the child, either physical or mental. Specific factors to be considered by the trial court in making a determination of abuse include the circumstances giving rise to the harm to the child, the past history of the child, the nature and manner of the discipline administered to the child and the measure of discipline. *Id.*

■ The law of Ohio has long recognized that parents have the right of restraint over their children and the duty of correcting and punishing them for misbehavior. However, such punishment must be reasonable and not exceed the bounds of moderation and inflict cruel punishment. See *State v. Liggett* (1948), 84 Ohio App. 225, 39 O.O. 287, 83 N.E.2d 663. R.C. 2919.22 not only prohibits a parent from violating his or her duties of care, protection and support, but also prohibits a parent from administering to a child under eighteen years of age corporal punishment which is excessive and which creates a substantial risk of serious harm to the child. *In re Rogers* (Aug. 24, 1989), Putnam App. No. 12–89–5, unreported, 1989 WL 98423.

■ At the adjudicative hearing, the trial court determined Amber to be an abused child pursuant to R.C. 2151.03(B). The evidence supporting this

determination included several photographs of Amber, depicting severe bruising on the child's buttocks, upper thighs, and around her ankles and wrists. In addition, Kay George, the children's case worker, testified that, based on the shape of Amber's bruises, the child was abused. Appellant admits having hit Amber with a belt three times on her buttocks as punishment for an incident of misbehavior. The record contains testimony indicating the children were subject to repeated punishments for the same instance of misbehavior. Both appellant and her husband testified that the children were administered discipline by a wooden paddle or a belt. In reaching its decision, the court consulted the reports of the case worker and the children's guardian and conducted an in-chamber interview of Amber in the absence of counsel.

Appellant presented evidence in her behalf consisting principally of her own testimony denying the charges of abuse, the testimony of her husband, and the testimony of Audrey Carr, the children's babysitter.

Appellant argues that the Department of Human Services did not meet its burden of proof, that it failed to establish by clear and convincing evidence an affirmative act of abuse and that such act was reckless, that is, perpetrated with heedless indifference to the consequences of the action and, therefore, the trial court's judgment was against the manifest weight of the evidence. We disagree.

Whether the state has met its burden of proof under R.C. 2919.22(B)(1) is an issue to be decided by the trier of fact. In either a criminal or civil case, the weight to be given the evidence and the determination of the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213. "The findings of fact by the trial court which heard the testimony and the appearance-point-of-view of the witnesses upon controlling facts in the case will not be set aside when there is nothing in the record to show that the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings in arriving at its conclusions." *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 141, 36 O.O.2d 288, 292, 219 N.E.2d 221, 226.

We hold that from the evidence presented in the case *sub judice*, the trial court could reasonably infer that Amber Schuerman was in substantial risk of serious physical harm from discipline administered with such force that bruising was caused. The severe bruising depicted in the photographs of Amber Schuerman could certainly be inferred to create pain that would be unbearable or nearly so to an eight-year-old. See *In re Rogers, supra*. Admittedly, bruising alone is insufficient to establish abuse. However, the record contains substantial credible evidence corroborating the court's finding.

There is nothing in the record to indicate that the trial court disregarded the manifest weight of the evidence in determining Amber Schuerman to be an abused child.

Appellant's first assignment of error in appeal No. 11–90–22 is overruled.

■ To find an abuse of discretion in the present case would require more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

Upon review of the record, we find no indication that the trial court abused its discretion by acting arbitrarily or unconscionably. Therefore, appellant's second assignment of error in appeal No. 11–90–22 is overruled.

Appellant asserts as her third assignment of error in appeal No. 11–90–22:

"The trial court erred as a matter of law in basing its judgment at the adjudicatory hearing on issues solely related to the dispositional phase."

■ Proceedings concerning allegedly abused or dependent children are to be bifurcated into two separate adjudicative and dispositional stages. See Juv.R. 29 and 34. At the adjudicative hearing, the focus of the proceeding is to be on the parents, *i.e.,* whether they are providing the child with adequate care. The best interests of the child should not enter into this adjudication, but should be decided at the dispositional hearing. See *In re Sims* (1983), 13 Ohio App.3d 37, 38, 13 OBR 40, 41, 468 N.E.2d 111, 113. See, also, *In re Pitts* (1987), 38 Ohio App.3d 1, 525 N.E.2d 814.

■ Appellant argues that the trial court's judgment of September 10, 1990 should be reversed because the court's Finding of Fact No. 10 states "[t]hat both children prefer to be with their father." Appellant argues that the court's consideration of this fact at the adjudicative hearing is improper as a matter of law and its findings should be reversed.

■ It is clear that the court did consider the interests of the children when making this finding. However, we may not reverse on such grounds unless the error rises to the magnitude of plain error. See *In re Vickers Children* (1983), 14 Ohio App.3d 201, 204, 14 OBR 228, 231, 470 N.E.2d 438, 442. Here it does not. As discussed previously, the record discloses substantial evidence supporting the court's finding of child abuse. Thus, we deem the court's notice of the children's desires harmless error for which we will not reverse its judgment on appeal.

Appellant's third assignment of error is overruled.

Appellant asserts as her sole assignment of error in appeal No. 11–90–23:

"The trial court's judgment in finding Jason Schuerman to be a dependent child pursuant to O.R.C. § 2151.04(D) is against the manifest weight of the evidence and is contrary to law."

R.C. 2151.04 states in pertinent part:

"As used in this chapter, 'dependent child' includes any child: * * * (D) To whom both of the following apply: (1) He is residing in a household in which a parent, guardian, custodian, or other member of the household has abused or neglected a sibling of the child; (2) Because of the circumstances surrounding the abuse or neglect of the sibling and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."

Appellant argues that the Department of Human Services failed to establish by clear and convincing evidence that appellant's home environment would endanger Jason because the trial court found only Amber to have been abused in that environment. However, as quoted above, the controlling statute does not require that it be found that Jason has been previously abused, but merely that because of the circumstances surrounding the abuse of Amber, Jason "is in danger of being abused or neglected." The test to be applied by the trier of fact, then, is not one of finding instances of past abuse of the allegedly dependent child, but one of the danger of prospective punishment of that child rising to the level of abuse to be drawn from the circumstances surrounding the prior abuse of another child in that environment.

The trial court found that both Amber and Jason were subject to corporal punishment in appellant's home, although it found that punishment to have reached the severity to be considered abuse only in the case of Amber. As noted, substantial evidence in the record clearly supports those findings by the trial court if convinced by that evidence of their truth.

In addition to the abusive punishment of Amber by appellant, the evidence in the record discloses a policy of corporal punishment obtaining in appellant's home as a regular method of disciplining the children. Admitted in evidence at trial without objection was brief testimony of a caseworker disclosing a prior instance of appellant's abusively punishing Amber. The instruments used by appellant and her husband to administer corporal punishment to the children were a belt and a paddle. The state argued at trial that the reason for the claim of Jason's dependency was "because of the perceived threat to Amber * * * and therefore Jason." The trial court conducted an *in camera* interview with Amber. Although none of the content of that conversation appears in the written record before us on appeal, we presume the substance

of the conclusions drawn by the court from the interview is reflected in the court's written findings, conclusions and judgment.

Having found Jason to reside in a household in which a member of that household has abused Jason's sibling, Amber, we believe the evidence clear from which that court might permissibly become convinced of the danger of future occurrence of like abuse to Jason in that household and, therefore, that the evidence met the requirements of R.C. 2151.04 for proof of dependency. We are unable to say that the trial court's judgment in case No. 11–90–23 is against the manifest weight of the evidence. See *Bowlin, supra,* 7 Ohio App.2d at 141, 36 O.O.2d at 292, 219 N.E.2d at 226. Appellant's assignment of error in case No. 11–90–23 is overruled.

Finding no error of the trial court prejudicial to appellant as assigned, briefed and argued, the judgments of the Court of Common Pleas of Paulding County, Juvenile Division in case Nos. 11–90–22 and 11–90–23 are affirmed.

*Judgments affirmed.*

HADLEY and SHAW, JJ., concur.