MURRAY et al., Appellants,

v.

MURRAY et al., Appellees.

[Cite as *Murray v. Murray* (1993), 89 Ohio App.3d 141.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63348.

Decided Aug. 9, 1993.

*Joseph G. Stafford,* for appellants.

*Scott C. Smith,* for appellees.

JAMES D. SWEENEY, Judge.

This is an appeal from the lower court's granting of defendants-appellees' motion for summary judgment.

Plaintiffs-appellants Carrie and Lisa Murray through their mother, Debra Richards, appeal the trial court's decision to grant the motion for summary judgment filed by the defendants-appellees Lawrence and Carolyn S. Murray. Appellants filed their complaint on May 15, 1991, alleging assault, battery, intentional and negligent infliction of severe emotional distress arising out of a confrontation between Carrie Murray and her step-mother, Carolyn.

Lawrence Murray and Debra Richards were married in 1973. During the marriage they had two children, Carrie and Lisa. In 1978, Lawrence and Debra were divorced and custody of the children was given to Debra.

In August 1984, Lawrence was married to Carolyn Murray. In January 1989, Debra requested that Lawrence and Carolyn take custody of Carrie and Lisa in order for her to continue schooling. The girls moved in with Lawrence, Carolyn, and Carolyn's two sons in January 1989.

The girls had a difficult time adjusting to the change in custody. While the girls were living with Lawrence and Carolyn, it appears that the situation was anything but harmonious. There is suggestion of disciplinary and functional problems both at home and at school.

The incident in question took place on June 1, 1990. The affidavits of Carolyn, Lawrence, Carrie and Lisa conflict as to the actual event that took place. It is clear, however, that Carrie and a friend were sitting on the front porch when Carolyn and Lawrence arrived home from work. The house rule was that no friends were permitted over at the house without an adult present. At that point, Lawrence told Carrie to go inside and the friend to return home.

In their affidavits, Lawrence and Carolyn both attest that Carrie and her friend proceeded to walk down the street and Carrie subsequently refused to return when Carolyn told her to do so. Carolyn and Lawrence further assert that they escorted Carrie by the arm back to the house when Carrie suddenly began fighting Carolyn. Carolyn asserts that the only other physical contact made was when she grabbed Carrie's hand to release her hair from Carrie's grasp.

Carrie and Lisa's affidavits assert that Carolyn and Lawrence arrived home angry and smelling of alcohol. They further assert that once Carrie's friend was told to leave, Carolyn dragged Carrie by the hair back into the house. Carolyn proceeded to push Carrie down and pound her head against the floor, all the

while shouting expletives at her. Lisa further asserts that she tried to come to her sister's aid, but was physically restrained from doing so by her father.

Following this incident, Debra Richards filed a domestic violence action in the Court of Common Pleas, Domestic Relations Division. The court reawarded custody of Carrie and Lisa to Debra and also issued a temporary protective order.

On May 17, 1991, Debra, on behalf of Carrie and Lisa, filed a complaint against Lawrence and Carolyn for assault, battery, and negligent and intentional infliction of severe emotional distress. The trial court granted Carolyn and Lawrence's motion for summary judgment.

Appellants raise one assignment of error:

"The trial court abused it's [sic] discretion in granting summary judgment and errored [sic] as a matter of law where genuine issues of material fact were in dispute and the appellees were not entitled to judgment as a matter of law."

Parental immunity no longer serves as a bar to children's claims against their parents. In *Kirchner v. Crystal* (1984), 15 Ohio St.3d 326, 15 OBR 452, 474 N.E.2d 275, the Ohio Supreme Court specifically abolished the doctrine of parental immunity without reservation. See, also, *Shearer v. Shearer* (1985), 18 Ohio St.3d 94, 18 OBR 129, 480 N.E.2d 388. Furthermore, the court in *Kirchner* went on to state, "that the policy considerations between a natural child and parent are no different in actions between step-children and step-parents who stand in *loco parentis.*" Thus, step-parents, like natural parents, will also be held accountable for their actions.

Under Civ.R. 56(C), before summary judgment may be granted, it must be determined:

" * * * (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.,* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. See, also, *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 589 N.E.2d 1365.

Summary judgment is a procedural device designed to provide a short-cut through the normal litigation process by terminating litigation altogether. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597. Therefore, courts must grant summary judgment with caution. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d

356, 604 N.E.2d 138. In doing so, the trial court has a clear duty to "examine all appropriate materials filed by the parties before it when ruling on a motion for summary judgment." *Murphy, supra.* Furthermore, as the court stated in *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 138, 522 N.E.2d 477, 480–481:

"[T]he inferences to be drawn from the underlying facts contained in depositions, affidavits, and exhibits must be construed in the opposing party's favor. When so construed, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315."

Summary judgment is not available in a proceeding which requires the trial court to make an independent judicial examination and determine conflicting issues of fact and law. *Heatwall v. Boston Hts.* (1990), 68 Ohio App.3d 96, 587 N.E.2d 440. A genuine issue as to a material fact exists whenever the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. *Aglinsky, supra.* Moreover, "[i]ssues of credibility of affiants are not issues properly decided or disposed of by a motion for summary judgment." *Aglinsky, supra,* 68 Ohio App.3d at 817, 589 N.E.2d at 1369.

When a grant of summary judgment is appealed, "the reviewing court should look at the record in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 151 [66 O.O.2d 311, 312, 309 N.E.2d 924, 925]." *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 OBR 135, 138, 493 N.E.2d 239, 242.

In the case *sub judice,* the trial court improperly granted defendants' motion for summary judgment. The affidavits of Carolyn, Lawrence, Carrie and Lisa manifest there are genuine issues as to material facts that remain to be resolved.

The affidavits clearly conflict as to the events that occurred on June 1, 1990. Lawrence and Carolyn attest that no physical contact or interference was initiated on their part. Carrie and Lisa, however, state that both Carolyn and Lawrence initiated the physical confrontation. Such conflict clearly creates a genuine issue of material fact. A determination of whether the incident was "reasonable" corporal punishment or assault and battery is to be determined by the trier of fact. It cannot be properly disposed of on a motion for summary judgment.

R.C. 2919.22 provides the criminal statutory guidelines against endangering children as follows:

"(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a

mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.

"(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

"(1) Abuse the child;

"(2) Torture or cruelly abuse the child;

"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child;

"(4) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development[.]"

R.C. 2919.22 provides the only statutory guidelines regarding child endangering. Furthermore, R.C. 2919.22 has been applied to civil matters as well. As stated in *In re Schuerman* (1991), 74 Ohio App.3d 528, 531, 599 N.E.2d 728, 730:

" * * * R.C. 2919.22 not only prohibits a parent from violating his or her duties of care, protection and support, but also prohibits a parent from administering to a child under eighteen years of age corporal punishment which is excessive and which creates a substantial risk of serious harm to the child."

Although the law of Ohio has recognized that parents have the right of restraint over their children and the duty of correcting and punishing them for misbehavior, "such punishment must be reasonable and not exceed the bounds of moderation and inflict cruel punishment. See *State v. Liggett* (1948), 84 Ohio App. 225, 39 O.O. 287, 83 N.E.2d 663." *In re Schuerman, supra,* at 531, 599 N.E.2d at 730. Punishment which exceeds the boundaries of "reasonable corporal punishment" may, in fact, lay the basis for claims such as assault and battery. Where a fine line exists as to whether conduct constitutes "reasonable corporal punishment" or a claim such as assault or battery, it is for the trier of fact to make a factual determination based on the evidence proffered and existing legal standards. Such a determination cannot be properly addressed through a procedural device such as summary judgment.

In conclusion, the trial court erred in not considering all the evidence before it, particularly the conflicting affidavits. Therefore, the trial court's improper grant of defendants' motion for summary judgment constitutes reversible error.

Appellants' assignment of error is sustained.

The judgment of the trial court is reversed.

*Judgment reversed*
*and cause remanded.*

NAHRA, P.J., and PORTER, J., concur.