**CLARK, Appellee,**

v.

**CLARK, Appellant.**

[Cite as *Clark v. Clark* (1996), 114 Ohio App.3d 558.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96–03–046.

Decided Sept. 23, 1996.

*Sandra D. Clark, pro se.*

*Thomas W. Condit,* for appellant.

POWELL, Judge.

Respondent-appellant, Jeffrey G. Clark, appeals an order of the Butler County Court of Common Pleas, Domestic Relations Division, entered pursuant to R.C. 2151.031, finding that appellant had abused his nine-year-old daughter Nicole and ordering appellant to "refrain from abusing, beating, harassing or assaulting * * * Nicole."

On January 26, 1996, Nicole's mother, petitioner-appellee, Sandra D. Clark, filed a petition in the trial court seeking to enjoin her ex-husband, appellant, from abusing, beating or assaulting Nicole. A hearing on appellee's petition was held before the trial court on February 26, 1996. Testimony at the hearing revealed the following facts:

On January 20, 1996, Nicole was at appellant's house for weekend visitation. On that particular day, Nicole was working on a craft project as a gift for a friend. Nicole eventually became frustrated with her project and appellant observed her slam a box down toward a trash container. Nicole missed the container and the box fell to the floor. Appellant thereafter watched Nicole walk down the hallway, slam doors, and throw the gift in a room. At that point,

appellant made the decision to give Nicole a swat with a paddle. As appellant testified:

"I told her I was going to do that, uh, we went privately, it wasn't done in front of any other family member and she asked me not to and I said, I can appreciate that, honey, I said, but really that daddy wasn't very pleased with her acting like that so I did swat her once. And, uh, after that had happened, uh, she was getting ready to walk out of the room, she was crying and I—I pulled her close to me and I—I told her, I said, uh, you know, as I've always done, I told her that I loved her but I just felt it was necessary and I said, it's time to get in the shower now and she did. Uh, she was crying still maybe three minutes later and I peeked my head in—in the bathroom because I—I don't like seeing my children, my daughter, upset. And I said, honey, why are you still crying, it really hurts dad. And, uh, my wife at the time was putting a cold washcloth on it, not a compress, and I—I looked real quick, I wasn't studying it, it was red and I said, honey, calm down, everything is going to be okay, get in the shower and when you get out we'll talk. And that's what happened."

Appellant testified that he used a paddle rather than his hand as he does not believe in using his hand. Appellant stated that hands were for loving and touching. Appellant testified that he knew of other alternatives for discipline such as time out or talking to the child. Appellant testified that in the four years he had had the paddle, he had used it on his daughter no more than three times. Appellant also testified that he loved Nicole "very, very much" and that he had a good relationship with her.

Appellee testified that when she picked up Nicole in the evening, Nicole was upset and told appellee that her father had spanked her really hard that day and that it had left a welt. Appellee testified that Nicole's right buttock was both welted and bruised. No photographs were taken and appellee did not take Nicole to a doctor. The next day, when appellant came to pick up Nicole, as was previously agreed, appellee let Nicole go with him. With regard to Nicole's relationship with appellant, appellee testified that Nicole loved her father but that she was terrified of the paddle.

On February 27, 1996, the trial court filed a final protection order stating that appellant had "committed an act with respect to minor child(ren) that would result in child(ren) being abused pursuant to ORC 2151.0341 [sic]."[1] The order further states: "Visitation to continue as in the past. [Appellant] is not to use excessively harsh punishment with Nicole. Both parties to attend divorced parenting classes. Both parties are ordered not to discuss this order with Nicole."

---

1. The proper citation should be R.C. 2151.031.

Appellant timely filed this appeal. In his sole assignment of error, appellant argues that the trial court erred in issuing its February 27, 1996 final protection order.

R.C. 2151.031 states:

"As used in this chapter, an 'abused child' includes any child who:

" \* \* \*

"(C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code."

R.C. 2919.22 governs endangering children and states:

"(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

"(1) Abuse the child;

"(2) Torture or cruelly abuse the child;

"(3) *Administer corporal punishment* or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, *which punishment,* discipline, or restraint *is excessive under the circumstances and creates a substantial risk of serious physical harm to the child;*

"(4) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development." (Emphasis added.)

R.C. 2901.01(4) defines "substantial risk" as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(E) defines "serious physical harm" as

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

In making the determination of abuse, the trial court must review the totality of the circumstances. *In re Schuerman* (1991), 74 Ohio App.3d 528, 531, 599 N.E.2d 728, 730. "Specific factors to be considered by the trial court * * * include the circumstances giving rise to the harm to the child, the past history of the child, the nature and manner of the discipline administered to the child and the measure of discipline." *Id.*, citing *In re Noftz* (Aug. 22, 1986), Huron App. Nos. H–85–26 and H–86–11, unreported, 1986 WL 9098.

After reviewing the record, we find that the trial court erred in finding that appellant's corporal punishment of his daughter constituted abuse pursuant to R.C. 2151.031 and 2919.22(B)(3) under the facts of this case. While we think that appellant's corporal punishment of Nicole was unwarranted and clearly excessive under the circumstances, we nevertheless find that it did not create a substantial risk of serious physical harm to Nicole, as required by R.C. 2919.22(B)(3).

As previously stated, no photographs were taken, and appellee did not take Nicole to a doctor. While appellant's corporal punishment resulted in both a bruise and a welt, there was no evidence that it resulted in permanent incapacity or disfigurement, temporary substantial incapacity, temporary serious disfigurement, substantial suffering, or substantial risk of death, as required by R.C. 2901.01(E). There was no evidence that Nicole was in great pain, that she had trouble sitting or walking, or that she now has a scar.

We therefore hold that the trial court erred in finding that appellant had abused his daughter in violation of R.C. 2151.031(C). We point out, however, that our holding is narrow and confined to the facts of this case. Appellant's sole assignment of error is well taken and sustained.

*Judgment reversed.*

WALSH, P.J., and KOEHLER, J., concur.