I must respectfully dissent. I concur with the majority's decision to overrule appellant's first assignment of error. However, I disagree with their decision to overrule appellant's second and third assignments of error. The majority is correct in applying the elements in State v. Ivey (1994), 98 Ohio App.3d 249, to analyze whether appellant violated R.C. 2919.22(B)(1), but I disagree with their conclusions on the second and third elements.
In order to satisfy the second element of Ivey, the state must show that the child suffered "serious physical harm." In order to determine what constitutes "serious physical harm," we need to review similar cases. Other courts have held that "bruising alone is insufficient to establish abuse." Ivey at 259; In re Schuerman (1991), 74 Ohio App.3d 528, 532; City of Shaker Heights v. Wright (June 27, 1996), Cuyahoga App. No. 69517, unreported, at 23. The court in Ivey found that evidence that the child had "a bruised left eyelid, bruises, welts, and lacerations caused by a belt whipping on the buttocks and lower legs, and a swollen hand" did not prove that the defendant caused the child serious physical harm or threatened substantial risk of harm as defined by R.C. 2901.01(E). Ivey at 255-256. The court in Wright, Cuyahoga App. No. 69517, unreported, found that marks from bruises that were observable on a child's hip eleven months after the offense were not sufficient to show serious physical harm. The court reasoned:
 This conclusion, that the element of seriousness was lacking, is buttressed by the following: (1) the marks were small and were receding over time; (2) the emergency room physician testified that he thought that there was no scarring at the site of the marks and did not feel there had been any abuse; (3) the emergency room report identified the marks as bruises or contusions, not scars; (4) while the injury site was sore the evening it was inflicted, the injury did not prevent the boy from sleeping and the victim experienced no pain at the site of the injury the morning after the injury was inflicted and thereafter enjoyed his normal activities without pain or difficulty; (5) the injury required no followup medical care or physical therapy; and, (6) the treating physician did not hospitalize the boy.
Id. at 23-25. We have also similarly held that swatting a nine-year-old with a paddle hard enough to cause a welt and bruising was not abuse and did not create a substantial risk of serious physical harm to the child. Clark v. Clark (1996),114 Ohio App.3d 558.
The key word in this case is "serious." It is essential that we distinguish "serious physical harm" from "physical harm." There is little doubt that a reasonable person could find that, based upon the facts of the present case, appellant caused "physical harm" to the child. For example, in State v. Flinn (Mar. 20, 1997), Licking App. No. 96 CA 118, unreported, the appellate court upheld the trial court's overruling of a Crim.R. 29 motion for acquittal. The court in Flinn found that evidence of spankings that caused bruising on a child's lower back and buttocks was sufficient evidence of physical harm to overrule the motion for acquittal. Id. at 7.
However, a review of the record does not show that the child suffered "serious" physical harm or that appellant's actions created a substantial risk of serious harm to the physical health or safety of the child. In fact, the prosecutor stated during the trial, "I'm not alleging serious physical harm, your Honor. I'm alleging physical harm." If the prosecution was not attempting to prove serious physical harm, it makes sense that a review of the evidence presented by the prosecution shows that serious physical harm was not proven. Further, the bruising was described as "moderate bruising," that it was fading, and that the child did not appear to be in pain. No evidence was presented that the child required any medical attention or that the child was in pain after the incident. Accordingly, I would find that the state did not prove the second element of Ivey.
I would also find that the state failed to prove the third element of Ivey. A review of the record shows that the state made no attempt to prove the mental state of appellant. In fact, the only evidence that indicates appellant's mental state was her statement to Officer Madsen while shown the pictures taken by Kolmer that "I must have done this. I didn't realize I hit her so hard." While appellant may have been negligent in her spanking of her child, "I didn't realize I hit her so hard" is insufficient to show that she acted recklessly. Therefore, I would find that the state failed to establish the third element of Ivey.
While spanking a two-year-old child so severely to cause bruising can be a serious matter, we should be constrained by the definition of "serious physical harm" and case law. A reversal of appellant's conviction would not condone appellant's behavior, but instead clarify that her behavior did not rise to the level the legislature intended for child endangering contained in R.C.2919.22(B)(1). Convicting appellant of child abuse which requires "serious physical harm," when the evidence shows only "physical harm" is as unjust as convicting a person of aggravated murder without any aggravating circumstances.
It should also be noted that Clermont County Children Services investigated the incident and determined that they did not need to be involved. Also, even though the court convicted appellant of violating R.C. 2919.22(B)(1), the court sentenced her to ninety days of incarceration which was suspended, two years of nonreporting probation, and a fine of $100 plus court costs. It is apparent that Clermont County Children Services and the trial court did not consider appellant's actions so severe that there would be future danger to the child. Accordingly, I would sustain appellant's second and third assignments of error and reverse appellant's conviction.