OPINION
This timely appeal arises from the trial court's decision to grant summary judgment to Appellees, St. Elizabeth Hospital Medical Center and Humility of Mary Health Care Services. For the following reasons, we affirm the judgment of the trial court.
Appellant, Andrea Nemit, was a student at the St. Elizabeth Hospital Medical Center Nurse Anesthesia School. Appellant, who resided in Pittsburgh, Pennsylvania, occasionally stayed at a guest house maintained by the hospital. On January 2, 1996, at approximately 6:15 a.m., Appellant arrived at the guest house and parked in its carport. However, she was not staying at the house. Appellant walked across a snow and ice covered portion of the driveway approximately fifteen (15) feet from her car when she slipped and fell, injuring her ankle.
On December 31, 1997, Appellant and her husband filed a personal injury complaint against Appellee, St. Elizabeth Hospital and its parent company, Humility of Mary Health Care Services. Appellant stated that Appellee failed to provide adequate lighting, failed to maintain the driveway in a reasonably safe condition, allowed the unnatural accumulation of ice and snow creating an unreasonable risk of harm to invitees and negligently failed to warn Appellant of the defective nature of the property.
On February 25, 1999, Appellee filed a motion for summary judgment arguing that a landowner has no duty to remove natural accumulations of ice and snow and that there was no evidence that Appellee created or aggravated an unnatural accumulation of ice and snow. Appellee further argued that as a matter of law, inadequate lighting could not be the proximate cause of Appellant's injuries. Appellant responded to the motion by arguing that water melting from the roof of the guesthouse re-froze on the driveway creating an unnatural accumulation of ice and that Appellee was aware of the condition as evidenced by two salt-barrels placed at the door of the guesthouse. Appellant also argued that liability may attach where the accumulation of ice and snow combines with other defects, here, inadequate lighting. On June 22, 1999, the trial court granted Appellee's motion for summary judgment without explanation.
Appellant filed her notice of appeal on July 20, 1999. Her sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS, ST. ELIZABETH HEALTH CENTER AND HUMILITY OF MARY HEALTH CARE SERVICES."
Appellant argues that where an owner of a business has actual or constructive notice that an accumulation of ice and snow has created a condition substantially more dangerous to a business invitee than that normally associated with snow, the owner's failure to correct the condition constitutes actionable negligence. Appellant asserts that in the present case, water dripping from the eaves to the driveway created a condition substantially more dangerous than that normally associated with snow.
Appellant next advances that a landowner who reserves possession and control of common approaches to and from the building and who assumes the duty of keeping the approaches clean and free from ice and snow is required to exercise ordinary care to keep the approaches reasonably safe. Oswald v. Jeraj (1946) 146 Ohio St. 676. Appellant asserts that Appellee assumed the duty to keep the driveway in question clear and free of ice by placing salt barrels in the area and that Appellee was negligent by failing to use the salt or to otherwise protect persons using the area from unusually hazardous conditions.
Appellant further alleges that defective lighting combined with the accumulation of ice and snow may be sufficient to impose liability. For support, Appellant relies on Garden Woods Apartments v. Gee (Sept. 24, 1993), Montgomery App. No. 13962, unreported. Appellant asserts that in the present case, there was a light on the guest house, but that it was not functioning at the time Appellant fell. Appellant claims that the defective light combined with the accumulation of ice created an unreasonably dangerous condition.
Finally, Appellant argues that the owner or occupier of premises owes a general duty to invitees to provide protection against hazards from unnatural accumulations of ice and snow in an area which markedly differs from surrounding conditions. Tyrell v. Investment Assoc., Inc. (1984)16 Ohio App.3d 47. Appellant argues that in the present case, she slipped on an uneven icy surface rendered unreasonably dangerous by water dripping from the eave of the guest house. Appellant claims that her theory as to how the ice accumulated creates an issue of fact for trial as to whether the surface differed from surrounding areas and whether the accumulation was natural or unnatural. Based on our review of the record, however, we hold that Appellant's assignment of error lacks merit.
In considering a motion for summary judgment, Civ.R. 56(C) controls. This rule provides that before such a motion may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511.
 "[A] party seeking summary judgment on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
 Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
As summary judgment is designed to cut short the litigation process, courts must proceed cautiously and may only award summary judgment when appropriate. Murray v. Murray (1993), 89 Ohio App.3d 141, 144-145. Our analysis on appeal from a decision to grant summary judgment is conducted under a de novo standard of review. Maust v. Bank One Columbus, N.A. (1992) 83 Ohio App.3d 103, 107.
In Ohio, an owner of a business owes a duty to exercise reasonable care in maintaining the premises in a safe condition for the use of business invitees. Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51. The Ohio Supreme Court has repeatedly held that an owner of property is not liable for injuries to business invitees who slip and fall on natural accumulations of ice. LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210, citing Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38. "The common thread running through these cases is the principle that the owner or occupier has a right to assume that his visitors will appreciate the risk and take action to protect themselves accordingly." LaCoursev. Fleitz, 210. Liability will only be found to attach under circumstances where the individual may not reasonably be expected to discover or fully appreciate the risk before him. Id. The Ohio Supreme Court has long recognized that the inclement weather in Ohio makes it difficult for a property owner to continually patrol the area and remedy the conditions. Norwalk v. Tuttle (1906), 73 Ohio St. 242, 245.
Ohio courts have differentiated between what is considered a natural accumulation as compared to an unnatural accumulation. A natural accumulation of ice and/or snow has been determined to be that which accumulates as a result of an act of nature. Porter v. Miller (1983),13 Ohio App.3d 93, 95, quoting Perazzo v. Dayton Hasty-Tasty, Inc. (1962), 119 Ohio App. 453, 458. In comparison, an unnatural accumulation is one that has been created by causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow. Porter v. Miller, 95. Therefore, for an accumulation to be labeled as unnatural, causes other than meteorological forces of nature must be responsible. DeSalvo v. DeBartolo (Dec. 16, 1998), Mahoning App. No. 96 CA 229, unreported, *3. Snow which melts and later re-freezes into ice is considered a natural accumulation of ice caused by forces of nature. Id. citing Kinkey v. Jewish Hospital Assn. ofCincinnati (1968), 16 Ohio App.2d 93, 96.
If a property owner voluntarily removes a natural accumulation of ice or snow, he may not create a dangerous or unnatural accumulation or be actively negligent in permitting one to exist. Lopatkovich v. Tiffin
(1986), 28 Ohio St.3d 204, 207. In cases involving an unnatural accumulation of ice as the cause of a fall, a plaintiff must show that: (1) the defendant created or aggravated the hazard; (2) the defendant knew or should have known of the hazard; and (3) the hazardous condition was substantially more dangerous than it would have been in the natural state. DeSalvo v. DeBartolo, *3 citing Porter v. Miller, supra, 95.
In the present matter, Appellant argues that an unnatural accumulation of ice was caused by water dripping and/or icicles falling from the eave of the house. (Depo. p. 26; Inter. Ans. No. 4; Affidavit of Donald Nemit). This clearly falls within the definition of natural accumulation as it is the result of the thaw and freeze of recurring inclement weather. As Appellee noted, there is no evidence nor allegation that the accumulation was the result of anything other than the re-freezing of the water and/or icicles. Appellant has merely made conclusory statements that the accumulation of ice was unnatural. As such, Appellant has failed to establish a genuine issue for trial as all evidence on the record indicates that the accumulation of ice was caused naturally.
Appellant also argues that liability attaches where there is inadequate lighting combined with icy conditions. Inadequate lighting on its own is not a basis for liability as, "`[d]arkness' is always a warning of danger, and for one's own protection may not be disregarded. [Citation omitted]." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 227. Appellant relies on Garden Woods, supra, in her attempt to attach liability. GardenWoods is clearly distinguishable from the present case. In Garden Woods,supra, the court found liability based on an unnatural accumulation of ice caused by a down spout emptying onto a sidewalk. The court essentially ruled that the landowner should have had superior knowledge of the accumulation as it occurred in an area where the landowner had a statutory duty to periodically inspect the premises for defects such as faulty lighting. Id., *4. In the matter before us, as there is no unnatural condition, Garden Woods cannot apply.
As Appellant has failed to present evidence that the accumulation of ice was unnatural, Appellee is entitled to judgment as a matter of law. Therefore, we affirm the judgment of the trial court.
Vukovich, P.J., concurs.
Donofrio, J., concurs.