To prove child abuse at an adjudicatory hearing, the state, to justify the government's intrusion into the family unit, must prove its allegations by clear and convincing evidence. See Juv.R. 29(E)(4). See, also, In re Sims (1983), 13 Ohio App.3d 37, 39.
As defined by R.C. 2151.031:
"An "abused child" includes any child who:
"* * *
 "Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means * * *
 "Because of the acts of the parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare."
In reviewing the trial court's decision on appeal, this Court cannot disturb that decision without a showing that the trial court abused its discretion in making it. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. The term "abuse of discretion" connotes more than an error of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219.
In the instant case, the trial court concluded that Joey was abused pursuant to R.C. 2151.031: "The Court finds that a bite to the face is not a reasonable act of corporal punishment and is not excused by the underlying circumstances (child's behavioral problems, prior efforts, to discipline, length of time between the incident and the administration of the punishment, the fact the child was offered a choice and chose to be bitten rather than paddled)."
The injury at issue was the bite suffered by Joey from Baldwin. The bite mark on his right cheek left upper and lower dental impressions, with visible bruising. The bite mark was witnessed by CSB intake worker Kelly Armstead on June 22, 2001, the same day Joey was bitten by Baldwin. Armstead photographed the injury with a digital camera, and the pictures were reviewed by the trial court and are part of the record on appeal. Armstead equivocated as to whether Joey's bite mark was still visible on June 25, 2001, a fact bearing on the severity of the injury. Appellant testified that after Baldwin bit Joey, the child "was upset, like disbelief. He couldn't believe that Norman actually did that. He was shocked." Joey cried afterwards, and was embarrassed. Appellant added that Joey never complained of discomfort thereafter, and did not request a doctor.
Appellant claims, without contradiction in the record, that the sole reason Baldwin bit Joey was to impart a behavioral lesson. Appellant testified that Joey repeatedly bit four-month-old half-sibling Cody, and that prior attempts at discipline, including grounding, time outs, spanking (once), putting him to bed early, and assigning cleaning chores, were all ineffectual. Appellant went on to testify that as a child she was similarly disciplined for "biting problems in school, and I wasn't scarred for life, and I never bit again." The bite was delivered by Baldwin after Joey was given the choice between paddling or a bite, and he chose the latter option.
Courts have held that a child may be found to have been abused where whipping results in severe bruising. In re Schuerman (1991),74 Ohio App.3d 528. It has been held that a trial court does not need to find any fault on the part of the parent in order to conclude that a child is abused pursuant to R.C. 2151.031. All that is necessary is that the child be a victim, regardless of who is responsible for the abuse. Inre Pitts (1987), 38 Ohio App.3d 1.
Reasonable corporal punishment is a staple of many households and is properly accorded the protection of the law, a protection that courts should be loath to intrude upon. See In re Schuerman, supra, at 531. However, the bite mark suffered by Joey transcends the boundaries of acceptable corporal punishment. Biting someone on the face, especially a child, is a feral, painful, and dehumanizing assault that leaves a brand for all to see. While the bite appears to have been intended to reform Joey's propensity for repeated biting of other children, I cannot disregard the extent and mechanism of injury upon the child's face. This Court has previously disfavored biting as an exercise of parental discipline upon a child. See In re Atkins (Nov. 18, 1998), 9th Dist. No. 19037 (noting that mother's biting of another child as a disciplinary measure was an inappropriate action that partly demonstrated her parental unfitness in the permanent custody case.).
"The law of Ohio has long recognized that parents have the right of restraint over their children and the duty of correcting and punishing them for misbehavior. However, such punishment must be reasonable and not exceed the bounds of moderation and inflict cruel punishment. See Statev. Liggett (1948), 84 Ohio App. 225, 39 O.O. 287, 83 N.E.2d 663. R.C.2919.22 not only prohibits a parent from violating his or her duties of care, protection and support, but also prohibits a parent from administering to a child under eighteen years of age corporal punishment which is excessive and which creates a substantial risk of serious harm to the child. In re Rogers (Aug. 24, 1989), Putnam App. No. 12-89-5, unreported, 1989 WL 98423." In re Schuerman, supra, at 531.
Each case involving the alleged abuse of a child must be reviewed on a case-by-case basis. Id. In In re Schuerman, bruising on the thighs and buttocks of a nine-year-old child were held to be excessive corporal punishment.
On the facts of this particular case, I conclude that allowing Joey to be bitten upon his face with such force as to leave a full upper and lower dental impression and attendant bruising is excessive and creates a substantial risk of serious harm to the child. Considering the nature and placement of the bite mark, the trial court could infer that the pain upon infliction of the injury would be unbearable or nearly so to a nine-year-old child connoting an abused child pursuant to R.C. 2151.031(C) and (D). The trial court's finding of abuse was properly rendered against Appellant and Baldwin as they both discussed and agreed to the plan to bite Joey. Accordingly, I dissent from the majority's resolution of the first and second assignments of error.