{¶ 28} I must respectfully dissent. Although a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, the general rule is that pre-sentence motions to withdraw are to be freely allowed and treated with liberality. It is this rule which schools the discretion of the trial court in ruling upon the motions. See State v. Xie (1992),62 Ohio St.3d 521.
 {¶ 29} In this case, the facts are undisputed that neither the defendant's attorneys nor the trial court ever explained the elements of the offense of child endangering to the defendant. The defendant was charged with a violation of R.C. 2919.22(B) which prohibits the "abuse" of a child under eighteen years of age. The Revised Code does not specifically define what actions constitute the abuse of a child. Specific factors to be considered by the trial court in determining whether the defendant has "abused" the child include the circumstances giving rise to the harm to the child, the past history of the child, and the nature and manner of the discipline administered to the child and the measure of discipline. In re Schuerman (1991),74 Ohio App.3d 528. The existence of the culpable mental state of recklessness is an "essential" element of the crime of endangering children under R.C. 2919.22(B). State v. Adams
(1980), 62 Ohio St.2d 251. Criminal negligence is not sufficient culpability for commission of the offense.
 {¶ 30} Although the trial court was not required under Crim. R. 11 to explain the nature of this offense to the defendant, it is a relevant factor to consider in considering whether to permit a defendant to withdraw a guilty plea. I would find the trial court abused its discretion in denying the defendant's motion.