JOHNSON, Exr., Appellant,

v.

BP EXPLORATION AND OIL, INC. et al., Appellees.

[Cite as *Johnson v. BP Exploration & Oil, Inc.* (1996), 115 Ohio App.3d 266.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-96-14.

Decided Oct. 11, 1996.

*Kennedy, Purdy, Hoeffel & Gernert, Paul E. Hoeffel* and *Edward L. Kurek*, for appellant.

*John C. Nemeth & Associates* and *David A. Caborn*, for appellees.

HADLEY, Presiding Judge.

Plaintiff-appellant, Abigail Johnson, executor of the estate of T. Lester Johnson, deceased, appeals from the judgment entry of the Crawford County Court of Common Pleas granting the motion of defendants-appellees, BP Exploration & Oil, Inc. ("BP"), Garvin's Car Center Center, Inc., and Russell Garvin for summary judgment and dismissing appellant's complaint. This case was originally assigned to the accelerated docket. Because of the issues raised in this appeal, we issue the following opinion, pursuant to Loc.App.R. 12(5).

On December 24, 1993, T. Lester Johnson, an eighty-year-old man, entered Garvin's Car Care Center, a service station affiliated with BP, for the purpose of filling his 1986 pickup truck with gasoline. When Johnson attempted to leave the service station, he could not restart his truck. He opened the hood of the truck, went inside the station, and summoned the assistance of an attendant. He requested that Russell Garvin, a co-owner of the station, attempt to jump his engine by placing a screwdriver in the starter solenoid of the truck. Johnson informed Garvin that this procedure had been performed earlier in the day before Johnson arrived at the service station. Garvin agreed to assist Johnson.

As Garvin attempted to jump the starter solenoid, the truck engine started, and the vehicle began rolling forward. The apparent reason for the truck's movement was that Johnson had failed to place the truck in park, failed to disengage the ignition by leaving the key in the ignition and turned forward, the failed to engage the parking brake. Johnson, standing in front of the truck, was unable to move away from his approaching vehicle and was struck and dragged across the service station lot. It is alleged that the injuries Johnson sustained ultimately led to his death over one month later.

Appellant filed her complaint on December 13, 1994. Appellees filed their motion for summary judgment on January 30, 1996. appellant filed her memorandum in opposition to appellees' motion, and appellees filed their reply memorandum. On May 9, 1996, the Crawford County Court of Common Pleas granted appellees' motion for summary judgment and dismissed appellant's complaint. This appeal follows.

The basis for the trial court granting the appellees' motion was that (1) Garvin did not owe any duty to Johnson, and (2) appellant failed to establish proximate causation. Appellant asserts three assignments of error.

However, before addressing appellant's assignments of error we must first examine our standard of review upon a motion for summary judgment.

"Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. Summary judgment is a procedure designed to cut short the normal litigation process and thus terminate it when there is no issue for trial. *Murray v. Murray* (1993), 89 Ohio App.3d 141, 144–145, 623 N.E.2d 1236, 1238–1239. Therefore, courts must proceed seeking summary judgment only when appropriate. *Id.* The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141. Thus, the standard of review of a summary judgment is the same for both a trial court and an appellate court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200.

### Assignment of Error No. 1

"The court erred in finding that defendant did not owe the plaintiff a duty of ordinary care once he assumed the duty to jump the solenoid in his truck."

■ Appellant asserts that the trial court erred by not finding that Garvin owed a duty of care to the decedent which an ordinary, careful, and prudent mechanic would exercise under the same or similar circumstances.

■ It is well established that "[w]hen one voluntarily assumes a duty to perform, and another reasonably relies on that assumption, the act must be

performed with ordinary care." *Best v. Energized Substation Serv., Inc.* (1993), 88 Ohio App.3d 109, 115, 623 N.E.2d 158, 162. See *Northwest Airlines v. Glenn L. Martin Co.* (C.A.6, 1955), 224 F.2d 120, 127–128; *Elliott v. Fosdick & Hilmer, Inc.* (1983), 9 Ohio App.3d 309, 314, 9 OBR 575, 580–581, 460 N.E.2d 257, 263–264; *Essick v. Richmond Park Apts.* (Mar. 10, 1983), Cuyahoga App. No. 45030, unreported, 1983 WL 5831, at 4; *Burchfield v. Isenschmid* (July 1, 1994), Columbiana App. No. 93–C–52, unreported, 1994 WL 326343, at 3.

It is undisputed that Garvin voluntarily assumed the duty of assisting Johnson in jumping the starter solenoid in his truck. Johnson relied on the assumption that Garvin could jump the starter solenoid; otherwise he would have sought assistance from somebody else at the service station or attempted the task himself.[1] As a result, Garvin owed Johnson a duty of ordinary care as a person who voluntarily assumed a duty.

After reviewing the record in a light most favorable to the appellant, we find that there exists a genuine issue as to whether Garvin discharged his duty of ordinary care. Appellant has support for her proposition that ordinary care was not exercised. The record contains the affidavit of an automotive mechanic who states that a person in Garvin's situation should have known that when the starter solenoid is jumped with a screwdriver the vehicle could start and move forward if the vehicle is in gear with the ignition on and without the parking brake engaged. Thus, there exists a genuine issue of material fact for a jury to decide regarding whether Garvin breached his duty of ordinary care.

We find appellant's first assignment of error well taken.

### Assignment of Error No. 2

"The court erred in finding that the violation of a statute equates with liability per se as the same still presents a question of fact for the jury."

The trial court found that Johnson violated R.C. 4511.661 by leaving his truck unattended without locking the ignition, removing his key, and setting the parking brake. R.C. 4511.661 states in part:

"No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the ignition, effectively setting the parking brake, and, when the motor vehicle is standing upon any grade, turning the front wheels to the curb or side of the highway."

---

1. However, there was no evidence that Johnson's request was based on anything other than a request to somebody who may have had access to a screwdriver. There is no showing in the record that the fact that Garvin was certified by the National Institute of Automotive Service Excellence is relevant as to why Johnson sought help from Garvin.

The court found that the decedent's omissions in violating R.C. 4511.661 were the "sole, direct and proximate cause of the accident and the underlying injuries."

■ "While it has been said that it is not easy to define the term 'proximate cause,' various judicial definitions of the term are to be found. A frequent definition of the proximate cause of a result is that cause which in a natural and continued sequence contributes to produce the result, and without which it would not have happened." (Citations omitted.) 70 Ohio Jurisprudence 3d (1986) 97, Negligence, Section 37. When two or more factors join together and produce a single result, both factors are the proximate cause of the result. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 588, 575 N.E.2d 828, 830; *Norris v. Babcock & Wilcox Co.* (1988), 48 Ohio App.3d 66, 67, 548 N.E.2d 304, 305.

With the evidence being examined in the light most favorable to appellant, a genuine issue of material fact exists regarding proximate causation. How much Garvin and Johnson contributed to the production of the single result, the injury and subsequent death of Johnson, remains a question for the jury to resolve. Clearly, but for Johnson's failure to turn the ignition off, place his vehicle in park, and engage his parking brake, the incident would not have occurred. What is equally clear is that but for Garvin's sticking the screwdriver in the starter solenoid when the ignition was on, the vehicle was in gear, and the brake was disengaged, the incident would not have occurred.

■ If a jury concludes that Garvin was negligent, under Ohio's comparative negligence statute, R.C. 2315.19,[2] the appellant would be entitled to recover for losses so long as the deceased was not more negligent than the appellees. Any potential recovery is, of course, reduced by the amount of the deceased's negligence. R.C. 2315.19. Thus, the violation R.C. 4511.661 by the decedent does not necessarily equate to the complete liability *per se* on his part.

For the foregoing reasons, appellant's second assignment of error is well taken.

### Assignment of Error No. 3

"The court erred in failing to preserve a question of fact with respect to the apparent agency of BP, where BP permitted Garvin's Car Care Center to use its logo, signs, uniforms, credit cards and other indicia of agency."

---

2. R.C. 2315.19(A)(2) states in part:

"Contributory negligence or implied assumption of the risk of a person does not bar the person or his legal representative as complainant from recovering damages that have directly and proximately resulted from the negligence of one or more other persons, if the contributory negligence or implied assumption of the risk of the complainant or the person for whom he is legal representative was no greater than the combined negligence of all other persons from whom the complainant seeks recovery."

In her final assignment of error, appellant urges that appellee BP should be held liable for the actions of appellee Garvin under the theory of apparent agency. The trial court did not address this issue, having concluded that Garvin did not owe a duty of care to Johnson and that appellant failed to establish proximate cause.

■ "To establish liability premised upon apparent agency, a plaintiff must show that (1) the defendant made representations leading the plaintiff to reasonably believe that the wrongdoer was operating as an agent under the defendant's authority, and (2) the plaintiff was thereby induced to rely upon the ostensible agency relationship to his detriment." *Shaffer v. Maier* (1994), 68 Ohio St.3d 416, 418, 627 N.E.2d 986, 988; *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 26 O.O. 161, 49 N.E.2d 925, paragraph four of the syllabus.

■ Without determining whether Garvin was, indeed, a wrongdoer, a determination that we have stated is for the jury to make, we determine that it was reasonable for the deceased to believe that Garvin was operating as an agent under BP's authority. Evidence presented revealed that the service station employees wore uniforms with the BP logo, and the station itself had signs indicating that it was affiliated with BP. This does not mean, however, that the deceased "was thereby induced to rely upon the ostensible agency relationship to his detriment."

■ Appellant has failed to satisfy the second requirement of the test necessary to establish an apparent agency relationship. Construing the evidence in a light most favorable to the appellant, we find that she did not introduce any evidence indicating that the deceased relied on the apparent agency relationship between appellees. Johnson was merely filling his truck's gas tank and had difficulty restarting his vehicle. The evidence did not show that he chose Garvin's Car Care Center for any reason other than to fill his gas tank on that particular day. There was no evidence indicating that he serviced his vehicle only at service stations affiliated with BP or that he made the decision to fill his gas tank on that day at Garvin's Car Care Center because it was somehow potentially affiliated with BP.[3]

Appellant's third assignment of error is, therefore, overruled.

---

**3.** The case *sub judice* is distinguishable from the *Shaffer* case, where the record showed that the plaintiff sought a specific gasoline from a specific provider. In both cases the providers, BP in the present case and Sohio in the *Shaffer* case, held themselves out under the guise of an apparent agency relationship. The distinguishing characteristic is, however, that the plaintiff in *Shaffer* specifically sought a Sohio product. In the present case, there was no evidence that the deceased had any concern for who assisted him, an employee or another patron. He merely wanted assistance in restarting his truck.

To the above extent, we reverse the judgment of the trial court regarding appellant's first and second assignments of error and remand this cause for proceedings consistent herewith against appellees, Russell Garvin and Garvin's Car Care Center.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

THOMAS F. BRYANT and SHAW, JJ., concur.