The STATE of Ohio, Appellee,

v.

BLEVINS, Appellant.

[Cite as *State v. Blevins* (1999), 133 Ohio App.3d 196.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA98–09–200.

Decided March 15, 1999.

*Bruce Fassler,* Middletown City Prosecutor, for appellee.

*Holbrock & Jonson Co., L.P.A.,* and *Timothy R. Evans,* for appellant.

---

POWELL, Presiding Judge.

Defendant-appellant, James R. Blevins, appeals his conviction in the Middletown Municipal Court for domestic violence pursuant to R.C. 2919.25(A).[1] We affirm the decision of the trial court.

On May 25, 1998, Misty Blevins, appellant's nineteen-year-old daughter, arrived home at approximately 12:45 a.m. Her curfew was at 11:30 p.m. According to Misty's testimony, when she arrived home, appellant came into her bedroom, told her she was late and that she should pack and move out "within a couple of days." Misty stated that she was "really tired of the threats" and informed appellant she was moving out in "a week and a half" anyway. At that point, appellant "grabbed a hold" of Misty, slapped her on the face and pushed her onto the bed. Appellant stated that "[t]hat wasn't a threat, that was a promise."

---

1. R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

Misty attempted to call 911 for help but appellant grabbed the phone. Misty told appellant, "Your [*sic*] not going to f-ing hit me that way again and get away with it." Appellant then hit her harder and knocked her to the floor. Misty testified that she heard a pop in her left ear and could not hear. Misty testified she was in pain and went to the emergency room. After medical treatment, her hearing was restored.

Appellant was indicted on one count of domestic violence. After a bench trial, appellant was found guilty. From this conviction, appellant filed a timely notice of appeal and provides two assignments of error for our review:

Assignment of Error No. 1:

"Defendant's conviction was against the weight of the evidence and contrary to law."

Assignment of Error No. 2:

"The court erred in allowing a witness to read from a discharge paper."

In his first assignment of error, appellant argues that the conviction is contrary to law and against the weight of the evidence because appellant's conduct constitutes corporal punishment. We disagree. In *State v. Suchomski* (1991), 58 Ohio St.3d 74, 75, 567 N.E.2d 1304, 1305, the Supreme Court of Ohio concluded that R.C. 2919.25(A) does not prevent "a parent from properly disciplining his or her child. The only prohibition is that a parent may not cause 'physical harm.' " *Id.* at 75, 567 N.E.2d at 1305. This decision reached the conclusion that "reasonable parental discipline" to a child is not prohibited by R.C. 2919.25(A). *Id.*

In this case, Misty is legally an adult. Therefore, corporal punishment is inapplicable as a defense to this case.[2] Assuming appellant's argument applied and he was permitted to administer corporal punishment to his child, the evidence demonstrates that appellant slapped Misty twice across the side of her face and caused a temporary hearing loss. Regardless of the verbal provocation, this conduct caused physical harm and is beyond the realm of "reasonable physical discipline." Thus, the conviction is not contrary to law. In addition, Misty's testimony demonstrates that appellant's conviction for domestic violence is not against the manifest weight of the evidence. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–389, 678 N.E.2d 541, 546–548. Thus, the first assignment of error is overruled.

---

2. We also find our decision in *Clark v. Clark* (1996), 114 Ohio App.3d 558, 683 N.E.2d 800, inapplicable because it concerns a child. In addition, *Clark* is a domestic relations case involving a restraining order against a parent and concerns different statutes. See *State v. Hart* (1996), 110 Ohio App.3d 250, 252–253, 673 N.E.2d 992, 993–994.

■■ In the second assignment of error, appellant argues that the trial court erred by allowing a witness to testify from a medical record without proper authentication. See R.C. 2317.40. Appellant also submits that the testimony was hearsay and did not meet the business record exception. See Evid.R. 803(6). Specifically, Misty read her medical diagnosis from an emergency room discharge paper. We agree that admitting this testimony was in error. The emergency room discharge paper could not have been properly authenticated through Misty's testimony. Nevertheless, Misty also testified that she had a "pop" in her ear, suffered temporary hearing loss, and was treated by a physician in the emergency room. This testimony, by itself, shows physical harm. The medical jargon of the discharge paper was merely cumulative to Misty's admissible testimony. Therefore, the error did not affect a substantial right and is harmless within the meaning of Crim.R. 52(A). The second assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

I don't believe an ear "pop" rises to serious physical harm. The testimony given by Misty from her hospital discharge summary was clearly erroneous and sufficiently prejudicial to require vacating the judgment. Without the prejudicial evidence, there is a failure to establish serious physical harm beyond a reasonable doubt. Misty, although an adult, was still appellant's child living in appellant's household, and thereby expected to conform her conduct to that determined by appellant. Therefore, I respectfully dissent.