The STATE of Ohio, Appellee,

v.

MILLER, Appellant.

[Cite as *State v. Miller* (1999), 134 Ohio App.3d 649.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980846.

Decided Aug. 20, 1999.

*Fay D. Dupuis,* Cincinnati City Solicitor, *Terrence R. Cosgrove,* Cincinnati City Prosecutor, and *Karla J. Burtch,* Senior Assistant Prosecutor, for appellee.

*Daniel P. Might,* Assistant Hamilton County Public Defender, for appellant.

SUNDERMANN, Judge.

On May 28, 1998, eighteen–year–old Latasha Johnson visited a friend's house after school.  At the time, Johnson was enrolled as a sophomore at Western Hills

High School. While Johnson was visiting with her friend, her brother was home alone. Apparently, Johnson's father, defendant-appellant Darwin Miller, had told Johnson to come home directly after school to watch her younger brother because no other adult would be present in the home. After learning that his daughter was late from school and that his son was left alone, Miller informed Johnson that she was "in trouble" for coming home late. Miller then proceeded to enter Johnson's bedroom with a belt in his hand, and, in an apparent attempt to discipline her, he hit Johnson five to seven times in the arm and leg. At school the following day, school officials observed welts on Johnson's body and informed the authorities.

Subsequently, Miller was charged with knowingly causing physical harm to Johnson, a family member, in violation of R.C. 2919.25(A). At Miller's bench trial, the court applied the parental-discipline defense, but, nevertheless, found him guilty of domestic violence. Miller was sentenced to one hundred eighty days, but the sentence was stayed and he was placed on probation. Miller did not file a timely notice of appeal, but this court granted a motion to extend time to file his appeal. On appeal, Miller asserts that the trial court's decision is against the manifest weight of the evidence because he used proper and reasonable parental discipline. We, however, are unpersuaded by this argument because the parental-discipline defense is inapplicable here.

In *State v. Suchomski*,[1] the Supreme Court of Ohio addressed the issue of parental discipline under R.C. 2919.25(A). In *Suchomski*, the court was confronted with the question of whether R.C. 2919.25(A), which prohibits causing any physical harm to a family or household member, effectively precludes a parent from administering reasonable corporal punishment, as defined in R.C. 2919.22(B), to discipline a child. In concluding that there was no conflict between the two statutes, the court stated that, although R.C. 2919.25(A) prohibits causing any physical harm to a family or household member, "[n]othing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her child."[2] Accordingly, pursuant to *Suchomski*, a parent may discipline a child without violating R.C. 2919.25(A) when the punishment is reasonable and proper under the circumstances,[3] and when it is not excessive and does not create a substantial risk of serious harm in violation of R.C. 2919.22(B)(3).

---

1.  (1991), 58 Ohio St.3d 74, 567 N.E.2d 1304.

2.  See *id.* at 75, 567 N.E.2d at 1305.

3.  See *id.* See, also, *State v. Hicks* (1993), 88 Ohio App.3d 515, 624 N.E.2d 332; *State v. Wagster* (Mar. 27, 1996), Hamilton App. No. C–950584, unreported, 1996 WL 134538.

The defense of reasonable and proper parental discipline as defined by *Suchomski* contemplates that a parent may discipline a child. *Suchomski*, however, does not define at what age one ceases to be a child. In his argument, Miller suggests that we look to R.C. 3103.03 for instruction on this issue. R.C. 3103.03(B) requires that parents support their children beyond the age of majority when the child is enrolled in high school on a full-time basis. Miller contends that, because Johnson was enrolled in high school and her parents were required to provide her with financial support, she was properly considered a child. We cannot accept this argument.

R.C. 3103.03 relates only to the support obligations of parents. This case is one involving discipline. It is clear that the parental-discipline defense arose in part from R.C. 2919.22(B)(3), and, therefore, we believe that R.C. 2919.22(B) is more instructive than R.C. 3103.03 about the age at which a person ceases to be a child for purposes of the defense in a domestic-violence prosecution. R.C. 2919.22(B) provides:

"No person shall do any of the following to a *child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age*:

"* * * *

"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child." (Emphasis added.)

Thus, under R.C. 2919.22(B), a parent may use reasonable corporal punishment as a means to discipline a child who is under the age of eighteen and not suffering from a mental or physical handicap. Moreover, we reject Miller's argument because, generally, one is legally considered an adult at the age of eighteen. In *State v. Blevins*, a father was convicted of domestic violence under R.C. 2919.25(A) for slapping his nineteen-year-old daughter.[4] In that case, the court restricted the application of the parental-discipline defense by refusing to apply it where the family member was nineteen years old and, therefore, legally an adult at the time the offense occurred.

Based on our reasoning outlined above, we hold that, in a domestic violence case, the parental-discipline defense is not applicable where the alleged victim has reached the age of eighteen and is not suffering from a mental or physical handicap. Because Johnson was eighteen years old at the time of the incident giving rise to the charge in this case and was not suffering from any

---

4. See *State v. Blevins* (1999), 133 Ohio App.3d 196, 727 N.E.2d 169.

known physical or mental handicap,[5] we conclude that the parental-discipline defense was inapplicable here and that the trial court should not have considered it.

In the absence of the parental-discipline defense, our review is limited to whether the trial court's finding that the elements of domestic violence under R.C. 2919.25(A) were established beyond a reasonable doubt was against the manifest weight of the evidence. To reverse a decision on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[6] Our discretionary power to grant a new trial may be exercised only in the exceptional case in which the evidence weighs heavily against conviction.[7]

After reviewing all of the evidence adduced at trial, including Miller's own sworn testimony that he knowingly hit his daughter with a belt, Johnson's testimony that her father hit her with a strap, and the officers' testimony that Johnson had welts on her body, we conclude that Miller's conviction was not against the manifest weight of the evidence.

Accordingly, Miller's sole assignment of error is overruled, and the trial court's judgment is affirmed.

*Judgment affirmed.*

SHANNON, J., concurs.

PAINTER, P.J., dissents.

RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.

PAINTER, Presiding Judge, dissenting.

I respectfully dissent. I agree with the majority that the only issue in this case is whether the defense of reasonable parental discipline applies. But I would hold that the right to discipline is coextensive with the duty to support.

---

5. There is some suggestion in the record that Johnson suffers from Crohn's disease, but there is nothing to establish that this constitutes a physical or mental handicap.

6. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720.

7. See *id.*

Because neither the legislature nor the Ohio Supreme Court has defined when the parental right to discipline a child ends, we must do so in this case. My colleagues' choice of the magic age of eighteen, as set out in the child-endangering statute,[8] has some merit in that it establishes a "bright-line rule." But the bright line is somewhat blurred by the fact that it also applies after eighteen (and under twenty-one) if the child is mentally or physically handicapped. Thus, the anomaly exists that had the person here been handicapped, the defense would apply.

Instead, we should choose as a bright line the language in the support statute [9] that also applies between the ages of eighteen and twenty-one if the person is still a high-school student. A parent supporting a high-school student should have the defense of reasonable parental discipline available. Of course, whether corporal punishment is appropriate in any instance is debatable. But, in the absence of injury to the child, we should leave that decision to the parents.