[Cite as *State v. Mutsago*, 2024-Ohio-6100.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 24CA04 |
| | : | |
| MUKAYI MUTSAGO | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County
                             Municipal Court, Case No. 22CRB00203

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      December 31, 2024

APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

JOSEPH M. SABO                           DORIAN K. BAUM
LANCASTER ASST. LAW DIRECTOR             BAUM LAW OFFICE, LLC
136 West Main Street                     123 South Broad St., Ste. 314
P.O. Box 1008                            Lancaster, OH 43130
Lancaster, OH 43130

*Delaney, P.J.*

{¶1} Appellant Mukayi Mutsago appeals from the January 12, 2024 Final Judgment Entry of the Fairfield County Municipal Court. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The facts in this matter are not in dispute. This case arose on February 13, 2022, when deputies with the Fairfield County Sheriff's Office were dispatched to a residence in Fairfield County regarding an attempted suicide. Deputies contacted Jane Doe, who reported she was having suicidal thoughts. Deputies determined Jane's date of birth was November 5, 2003, and she was therefore 18 years old during this contact.

{¶3} Deputies observed self-inflicted cuts on Jane, who reported she did not want to return to her residence because her father—appellant—had beaten her the night before. Jane stated appellant hit her in the head with his hands and struck her all over her body with a belt. Jane showed deputies photos on her phone which depicted bruises to her body purportedly caused by appellant striking her.

{¶4} Deputies contacted appellant, who readily admitted he struck Jane Doe with a belt six to ten times during a dispute about Jane's grades, volunteer hours, and National Honor Society. Appellant stated he struck Jane repeatedly with the belt because she disrespected him in front of his wife and other children.

{¶5} Appellant's Wife confirmed appellant struck Jane Doe with a belt several times and Wife intervened, asking him to stop.

{¶6} Appellant was charged by misdemeanor complaint with one count of domestic violence pursuant to R.C. 2919.15(A) and one count of assault pursuant to R.C. 2903.13(A), both misdemeanors of the first degree. Appellant was arrested on the

charges over a year later and entered pleas of not guilty.  The matter was scheduled for trial by jury.

{¶7} In advance of trial, appellee filed a motion in limine asking the trial court to prevent appellant from arguing the defense of parental discipline because Jane Doe was 18 at the time of the offenses. Appellee also requested the trial court to instruct the jury that parental discipline is not to be considered in their deliberations.  Appellant responded with a memorandum in opposition and the trial court heard oral arguments on the issue. On November 28, 2023, the trial court granted appellee's motion in limine via judgment entry.

{¶8} Appellant thereupon withdrew his pleas of not guilty and entered plea of no contest to one count of domestic violence.[1] The trial court accepted his no-contest plea, found him guilty, and sentenced appellant to a jail term of 180 days with all 180 suspended.

{¶9} Appellant now appeals from the trial court's entry of conviction and sentence, incorporating the trial court's entry granting appellee's motion in limine.

{¶10} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I. THE TRIAL COURT ERRED BY INCORRECTLY DETERMINING THAT A CHILD WHO REACHES THE AGE OF MAJORITY BUT IT ALSO STILL LIVING IN THEIR PARENT'S HOME, IS STILL FULLY SUPPORTED FINANCIALLY BY THEIR

---

[1] The record does not reveal the outcome of the assault charge. The transcript of appellant's change of plea and sentencing has not been made part of the appellate record and is not before us. The instant appeal addresses solely appellant's conviction and arguments related to the domestic violence charge.

PARENTS, AND IS STILL ATTENDING HIGH SCHOOL, IS NOT SUBJECT TO PARENTAL DISCIPLINE."

{¶12} "II. THE TRIAL COURT ERRED BY INCORRECTLY PROHIBITING THE DEFENDANT-APPELLANT FROM RAISING OR ARGUING THE PARENTAL-DISCIPLINE DEFENSE AT TRIAL."

{¶13} "III. THE TRIAL COURT ERRED BY INCORRECTLY INDICATING THAT THE JURY WOULD BE PROVIDED WITH A SPECIAL INSTRUCTION THAT PARENTAL DISCIPLINE IN INAPPLICABLE AND SHOULD NOT BE CONSIDERED BY THEM."

**ANALYSIS**

{¶14} Appellant's three assignments of error are related and will be considered together. He argues he should have been permitted to argue the defense of parental discipline, and the jury should have been permitted to consider the defense, even though Jane Doe was 18 years old at the time of the offense. We disagree.

{¶15} Appellant was convicted upon one count of domestic violence pursuant to R.C. 2919.25(A), which states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Physical harm to persons is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(C); *State v. Faggs*, 2018-Ohio-3643, ¶ 18 (5th Dist.), *affirmed,* 2020-Ohio-523. There is no dispute in this case that appellant repeatedly struck his daughter with a belt. Although the facts in the record before us are limited, the uncontroverted evidence indicates Jane Doe showed police photos of bruising resulting from being struck by the belt.

{¶16} The issue the parties have framed for us is whether the trial court should have permitted appellant to argue the affirmative defense of reasonable parental discipline. In Ohio, "[w]here an alleged incident of domestic violence occurs between a parent and child, the parent may raise parental discipline as an affirmative defense." *State v. Durbin*, 2013-Ohio-5147, ¶ 25 (5th Dist.), internal citations omitted. As we have recognized, proper and reasonable parental discipline can be employed by a parent as an affirmative defense to the charge of domestic violence for physical harm to his or her child where such discipline was reasonable under the circumstances. See, *State v. Cordle*, 2010-Ohio-5919, ¶ 18 (5th Dist.), citing *State v. Hart*, 110 Ohio App.3d 250 (3rd Dist. 1996) and *State v. Adaranijo*, 153 Ohio App.3d 266 (1st Dist. 2003).

{¶17} The affirmative defense of proper and reasonable parental discipline arose in part from the reasoning of the Ohio Supreme Court in *State v. Suchomski*, 58 Ohio St.3d 74, 74–75 (1991), in which the Court considered charges of domestic violence and child endangering. The Court concluded nothing in R.C. 2919.25(A) prohibits a parent from using reasonable corporal punishment to discipline his or her child pursuant to R.C. [child endangering] and there is no conflict between R.C. 2919.25 and R.C. 2919.22.[2] In *Suchomski*, the defendant came home intoxicated, pulled his 8-year-old child

---

[2] R.C. 2919.22(B), child endangering, states:

No person shall do any of the following to a child under eighteen years of age or a child with a mental or physical disability under twenty-one years of age:

(1) Abuse the child;

(2) Torture or cruelly abuse the child;

out of bed, punched him in the stomach, and slammed his head into the wall. The defendant was charged with both domestic violence and child endangering. The defendant argued that if he could be charged pursuant to R.C. 2919.25(A) [domestic violence], he was prohibited from using the corporal punishment defense inherent in R.C. 2919.22 to discipline his child. *Id.,* 75. The defendant argued the General Assembly recognized the right of a parent to administer reasonable corporal punishment so long as *serious* physical harm to the child does not result and therefore a conflict existed between R.C. 2919.25 and R.C. 2919.22 because the former prohibits "physical harm," defined as, e.g., any injury. *Id.* citing R.C. 2901.01(C). The Ohio Supreme Court disagreed and found:

> Nothing in R.C. 2919.25(A) prevents a parent from properly disciplining his or her **child**. The only prohibition is that a parent may not cause "physical harm" as that term is defined in R.C. 2901.01(C). "Physical harm" is defined as "any injury[.]" "Injury" is defined in Black's Law Dictionary (6 Ed.1990) 785, as " * * * [t]he invasion of any *legally protected interest* of another." (Emphasis in original.) A **child** does not have any legally protected interest which is invaded by proper and reasonable parental discipline.

---

(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child[.]

*State v. Suchomski*, 58 Ohio St.3d 74, 75 (1991) (Emphasis added.)

{¶18} The issue posed by the instant case before us is whether Jane Doe is a "child" such that appellant could avail himself of the affirmative defense of parental discipline to the charge of domestic violence. The First District Court of Appeals considered the meaning of "child" in *State v. Miller*, 134 Ohio App.3d 649, 652–53 (1st Dist.1999), and examined the rationale underlying the *Suchomski* decision:

The defense of reasonable and proper parental discipline as defined by *Suchomski* contemplates that a parent may discipline a child. *Suchomski,* however, does not define at what age one ceases to be a child. In his argument, Miller suggests that we look to R.C. 3103.03 for instruction on this issue. R.C. 3103.03(B) requires that parents support their children beyond the age of majority when the child is enrolled in high school on a full-time basis. Miller contends that, because Johnson was enrolled in high school and her parents were required to provide her with financial support, she was properly considered a child. We cannot accept this argument.

R.C. 3103.03 relates only to the support obligations of parents. This case is one involving discipline. It is clear that the parental-discipline defense arose in part from R.C. 2919.22(B)(3), and, therefore, we believe that R.C. 2919.22(B) is more instructive than R.C. 3103.03 about the age at which a person ceases to be a

child for purposes of the defense in a domestic-violence prosecution.

R.C. 2919.22(B) provides:

"No person shall do any of the following to a *child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age*:

" * * *

"(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child." (Emphasis added.)

Thus, under R.C. 2919.22(B), a parent may use reasonable corporal punishment as a means to discipline a child who is under the age of eighteen and not suffering from a mental or physical handicap. Moreover, we reject Miller's argument because, generally, one is legally considered an adult at the age of eighteen. In *State v. Blevins,* a father was convicted of domestic violence under R.C. 2919.25(A) for slapping his nineteen-year-old daughter. In that case, the court restricted the application of the parental-discipline defense by refusing to apply it where the family member was nineteen years old and, therefore, legally an adult at the time the offense occurred.

Based on our reasoning outlined above, we hold that, in a domestic violence case, the parental-discipline defense is not

applicable where the alleged victim has reached the age of eighteen and is not suffering from a mental or physical handicap. Because Johnson was eighteen years old at the time of the incident giving rise to the charge in this case and was not suffering from any known physical or mental handicap, we conclude that the parental-discipline defense was inapplicable here and that the trial court should not have considered it.

> *State v. Miller*, 134 Ohio App.3d 649, 651–53 (1st Dist.1999), citing *State v. Blevins*, 133 Ohio App.3d 196, 198 (12th Dist.1999).

{¶19} *Miller*, therefore, defines a "child" as someone under the age of eighteen and not suffering from a mental or physical handicap, pursuant to R.C. 2919.22(B). *Id. Miller* specifically excluded an 18-year-old victim from the parental-discipline defense. *Id.* This rationale has been followed by other courts and we find no reason to fashion a different result in the instant case. The parental-discipline affirmative defense is inapplicable when the victim is "legally an adult." *State v. Blevins*, 133 Ohio App.3d 196, 198 (12th Dist.1999); *City of Cleveland v. Mincy*, 2018-Ohio-3565, ¶ 25 (8th Dist.) [victim age 21 at time of offense].

{¶20} Jane Doe was 18 years old at the time of the offense and corporal punishment is inapplicable as a defense, as the trial court correctly determined. *Blevins*, supra, at 198. The trial court did not err in sustaining appellee's motion in limine, preventing appellant from raising parental discipline as a defense, and declining to instruct the jury on parental discipline.

**CONCLUSION**

{¶21} Appellant's three assignments of error are overruled and the judgment of the Fairfield County Municipal Court is affirmed.

By:  Delaney, P.J.,

Hoffman, J. and

King, J., concur.