DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Jack Daugherty, defendant below and appellant herein, guilty of child endangering in violation of R.C.2919.22(B)(1).
Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THE ALLEGED VICTIM COMPETENT TO TESTIFY WHEN SAID CHILD WAS FOUR YEARS OLD AT THE TIME OF TRIAL AND ONLY THREE YEARS OLD AT THE TIME OF THE ALLEGED INCIDENT."
SECOND ASSIGNMENT OF ERROR:
 "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN A VERDICT OF GUILTY AS TO THE CHARGE OF CHILD ENDANGERING IN VIOLATION OF O.R.C. 2919.22(B)(1)."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR ACQUITTAL ON THE CHARGE OF CHILD ENDANGERING IN VIOLATION OF O.R.C. 2919.22(B)(1)."
FOURTH ASSIGNMENT OF ERROR:
 "THE JUDGMENT AND FINDINGS OF THE TRIAL COURT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ADMITTING THE STATEMENTS OF PATTY DAUGHERTY REGARDING CUSTODY OF JACKIE ANN IN VIOLATION OF EVID.R. 801, WHICH PROSCRIBES HEARSAY EVIDENCE THAT DOES NOT FALL WITHIN A DELINEATED EXCEPTION."
Our review of the record reveals the following facts pertinent to the instant appeal. On May 9, 1999, Jack Cyrus and his live-in girlfriend, Deanna Warren, arrived at Patty Daugherty's residence to investigate an allegation that Daugherty's and Cyrus's three-year-old daughter, Jackie Ann Cyrus, had bruises near her tail bone. Upon their arrival at Daugherty's home, Cyrus and Warren discovered multiple and severe bruises on Jackie Ann's buttocks and extending onto her lower back. The bruises covered Jackie Ann's entire buttocks and were deep purple with a substantial number of red marks. Cyrus and Warren also observed red marks on Jackie Ann's neck.
Cyrus and Warren learned that appellant, Daugherty's live-in boyfriend, had spanked Jackie Ann. When the two questioned appellant, appellant reportedly replied that Jackie Ann "got what she deserved."
Cyrus and Warren removed Jackie Ann from the Daugherty residence and took her to the police department. The investigating officer observed the bruises on Jackie Ann's buttocks and deduced that she had been struck numerous times with a "considerable amount of force." The officer also noticed that Jackie Ann grimaced when the bruises were touched and that she appeared to be in pain when she moved her leg and when she was sitting. With respect to the red marks on Jackie Ann's neck, the officer concluded that the injuries were consistent with a choking injury.
On February 25, 2000, the Ross County Grand Jury returned an indictment charging appellant with two counts of child endangering, in violation of R.C. 2919.22.[1] Appellant entered a plea of not guilty.
On June 30, 2000, the trial court held a hearing to determine Jackie Ann's competency to testify as a witness. At the time of the hearing, Jackie Ann was approximately one month shy of her fifth birthday. Over appellant's objection, the court permitted Warren to remain in the courtroom.
In response to the trial judge's questions, Jackie Ann stated that she knew the difference between a lie and the truth. She stated that "[i]f you don't tell the truth, you get in trouble," while if one tells the truth, "you don't get in trouble." Jackie Ann promised the judge that she would tell the truth. When the judge asked Jackie Ann to relay how she received the bruises, she stated that appellant whipped her five times and caused the bruises to her buttocks. The court deemed Jackie Ann competent to testify.
On July 5, 2000 and continuing through July 6, 2000, the trial court held a jury trial. At trial, the state called Jackie Ann's mother, Patty Daugherty, as a witness. Daugherty, however, invoked her Fifth Amendment privilege against self-incrimination and refused to testify. Consequently, Jackie Ann provided the only direct testimony as to who caused the bruises. Jackie Ann testified that appellant whipped her on the buttocks.
The state did, however, present circumstantial evidence that appellant caused the bruises. Candace Cottrill, Daugherty's sister, testified that on May 7, 1999, Jackie Ann had spent the night at Cottrill's home and that during the time Jackie Ann was in her care, Cottrill did not observe any bruising. Cottrill stated that Jackie Ann returned to Daugherty's residence on May 8, 1999. Cottrill testified that she noticed the bruises after she had returned Jackie Ann to Daugherty's care and that she notified Cyrus and Warren of the bruises.
On July 6, 2000, the jury found appellant guilty of child endangering. On August 22, 2000, the trial court sentenced appellant to fifteen months imprisonment. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant argues that the trial court erred by permitting Jackie Ann to testify. Appellant contends that: (1) Jackie Ann's "testimony indicated a lack of independent knowledge of the cause of the injuries she sustained in May of 1999"; (2) Jackie Ann failed to demonstrate an understanding of the difference between truth and falsity; and (3) Warren's presence in the courtroom, during the competency hearing, unduly influenced Jackie Ann. We find no merit to appellant's arguments.
Initially, we note that appellant failed to object at trial to Jackie Ann's testimony. Moreover, appellant did not object to the trial court's initial competency determination and expressed satisfaction with the court's inquiry during the competency hearing. It is well-settled that a party must object to an adverse ruling in order to preserve the issue for appeal. See, e.g., State v. Jones (2001), 91 Ohio St.3d 335, 343,744 N.E.2d 1163, 1175; State v. Robb (2000), 88 Ohio St.3d 59, 75,723 N.E.2d 1019, 1040; State v. Lindsey (2000), 87 Ohio St.3d 479, 482,721 N.E.2d 995, 1001. Consequently, because appellant failed to object both after the competency determination and at trial when the state presented the witness, appellant has waived all but plain error associated with the trial court's decision to deem Jackie Ann competent. See Statev. Galloway (Nov. 8, 1991), Lucas App. No. L-90-056, unreported (finding failure to object at trial to child's testimony waives error associated with competency determination); State v. Garrett (May 16, 1991), Cuyahoga App. No. 58551, unreported.
Because appellant waived all but plain error, we may only reverse appellant's conviction if the complained of error affects one of appellant's substantial rights. See Crim.R. 52(B); see, also, Lindsey,supra; State v. Slagle (1992), 65 Ohio St.3d 597, 603, 605 N.E.2d 916,924-25; State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. An alleged error "does not constitute a plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph two of the syllabus; see, also, Jones, supra;State v. Stojetz (1999), 84 Ohio St.3d 452, 455, 705 N.E.2d 329, 335. Furthermore, the Ohio Supreme Court has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum
(1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710, 717.
To find plain error, a court must find that: (1) error exists; (2) the error is plain; and (3) the error prejudiced the defendant. State v.Fields (1994), 97 Ohio App.3d 337, 344, 646 N.E.2d 866, 871 (citingUnited States v. Olano (1992), 507 U.S. 725, 732-34, 113 S.Ct. 1770,1777-78, 123 L.Ed.2d 508); see, also, State v. Latson (1999),133 Ohio App.3d 475, 728 N.E.2d 465. Prejudice exists if the error "created a manifest injustice or seriously affected the `fairness, integrity or public reputation of [the] judicial proceedings.'" Fields,97 Ohio App.3d at 344, 646 N.E.2d at 871 (quoting Olano,507 U.S. at 736, 113 S.Ct. at 1779, 123 L.Ed.2d 508). We conduct our review accordingly.
Pursuant to Evid.R. 601, "every person is competent to be a witness except: (A) * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
In determining whether a child under ten years of age is competent to testify, the trial court must consider: (1) the child's ability to receive accurate impressions of fact or to observe acts about which the child will testify; (2) the child's ability to recollect those impressions or observations; (3) the child's ability to communicate what was observed; (4) the child's understanding of truth and falsity; and (5) the child's appreciation of his or her responsibility to be truthful. See, e.g., State v. Frazier (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483,487; see, also, State v. Allard (1996), 75 Ohio St.3d 482, 496,663 N.E.2d 1277, 1290. The essential test of any witness's competency is his or her ability to understand the obligation to tell the truth and testify truthfully and his or her capacity to observe what occurs, accurately recollect what was seen and communicate it at a later point. See State v. Workman (1984), 14 Ohio App.3d 385, 471 N.E.2d 853.
A trial court possesses broad discretion when assessing the competency of a child witness. See State v. McNeill (1998), 83 Ohio St.3d 438, 442,700 N.E.2d 596, 603; Allard; Frazier, 61 Ohio St.3d at 250-251,574 N.E.2d at 486-487. Consequently, absent an abuse of discretion, a reviewing court will not reverse a trial court's decision regarding the competency of a child witness. See, e.g., McNeill. A reviewing court should not conclude that a trial court abused its discretion unless the record reveals that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715; State v. Moreland (1990),50 Ohio St.3d 58, 552 N.E.2d 894.
After our review of the competency hearing transcript in the case at bar, we find no error, plain or otherwise. We do not believe that the trial court abused its discretion by finding Jackie Ann competent to testify. Rather, we conclude that the trial court properly applied and considered the Frazier factors when it deemed Jackie Ann competent to testify. The transcript reveals that the witness: (1) knew how old she was and knew the date of her birthday; (2) demonstrated an understanding of the difference between a truth and a lie; and (3) recalled with sufficient detail the night on which she received the bruises. Furthermore, contrary to appellant's argument, we find no evidence that anyone "coached" or influenced Jackie Ann's testimony.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
Because appellant's second and third assignments of error both relate to the sufficiency of the evidence, we will consider the two assignments of error together.
In his second assignment of error, appellant argues that the state failed to present sufficient evidence to support his conviction for child endangering. Appellant asserts that insufficient evidence exists to establish that: (1) appellant's conduct in spanking Jackie Ann caused the bruising; and (2) Jackie Ann suffered serious physical harm. In his third assignment of error, appellant contends that the trial court erred by overruling his Crim.R. 29(A) motion for judgment of acquittal.
A trial court may order a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). A trial court shall not enter a judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the state has established, beyond a reasonable doubt, each essential element of the offense. See, e.g., State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., State v. Carter (1995),72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974; State v. Jenks (1991),61 Ohio St.3d 259 at 273, 574 N.E.2d 492 at 503. When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546 (stating that "sufficiency is the test of adequacy"); Jenks,61 Ohio St.3d at 273, 574 N.E.2d at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins,78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring).
Employing the above standard, we believe that the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the offense of endangering children. Thus, the trial court did not err by overruling appellant's Crim.R. 29(A) motion for judgment of acquittal.
R.C. 2919.22(B)(1) sets forth the essential elements of the offense of endangering a child as follows: "No person shall * * * [a]buse the child." A successful R.C. 2919.22(B)(1) conviction requires the state to prove beyond a reasonable doubt: (1) that the child is under eighteen years of age or is a mentally or physically handicapped child under twenty-one years of age; (2) an affirmative act of abuse occurred; and (3) that the defendant recklessly committed the act of abuse. See Statev. Ivey (1994), 98 Ohio App.3d 249, 257, 648 N.E.2d 519, 525; see, also,State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 713, 709 N.E.2d 551,555; State v. Bogan (June 14, 1990), Montgomery 11920.
To establish an affirmative act of abuse, the state must show that the defendant committed "an act which inflicts serious physical harm or creates a substantial risk of serious harm to the physical health or safety of the child." Ivey, 98 Ohio App.3d at 257, 648 N.E.2d at 525;Burdine-Justice, 125 Ohio App.3d at 714, 709 N.E.2d at 555. The Revised Code defines "serious physical harm" as follows:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.
R.C. 2901.01(A)(5).
In the case sub judice, we believe that a rational fact finder could conclude that the state presented sufficient evidence to establish that Jackie Ann suffered serious physical harm. We recognize that the appearance of a bruise or a temporary or slight injury generally does not constitute serious physical harm. See Ivey, supra; State v. Massey
(1998), 120 Ohio App.3d 438, 715 N.E.2d 235; In re Schuerman (1991),74 Ohio App.3d 528, 599 N.E.2d 728. The injuries in the instant case, however, far exceed a simple bruise or slight injury. Rather, the photographic exhibits reveal the profuse and severe bruising of the child's entire buttocks and her lower back. The investigating officer who interviewed Jackie Ann stated that she appeared to be in pain. Ross County Children Services Investigator Laura Butt interviewed Jackie Ann approximately three days after the incident and noticed that she could not sit directly on her buttocks. The victim's bruises could certainly permit a reasonable fact finder to infer that the victim suffered from acute pain that would be unbearable or nearly so to a three-year-old child. SeeState v. Thivener (June 1, 2000), Gallia App. No. 99CA13, unreported; Inre Rogers (Aug. 24, 1989), Putnam App. No. 12-89-5, unreported. Obviously, the force used in administering the beating of the victim was unreasonable, unwarranted, and not accidental.
Thus, we disagree with appellant that the state failed to present sufficient evidence of serious physical harm. We believe that the trier of fact had sufficient evidence before it from which it could conclude, beyond a reasonable doubt, that Jackie Ann suffered serious physical harm and that appellant inflicted that harm. Cf. Burdine-Justice,125 Ohio App.3d at 715, 709 N.E.2d at 556 (concluding that evidence of "profuse bruising across [the] buttocks" constituted serious physical harm).
With respect to appellant's argument that insufficient evidence exists to establish that he caused the injuries, we note that appellant's argument rests upon the premises that: (1) Jackie Ann was not a credible witness; and (2) the state failed to present expert medical testimony that appellant's spanking caused the severe bruising.
At this juncture we note that if a witness is deemed competent to testify, the issue regarding the witness's credibility is reserved to the fact finder. See, generally, State v. Wright (June 20, 1985), Franklin App. No. 85AP-79, unreported (stating that "if the four-year-old girl was competent to testify, there was sufficient evidence to support the conviction as the credibility of a witness is primarily for the trial court"); cf. State v. Moreland (1990), 50 Ohio St.3d 58, 552 N.E.2d 894
(upholding defendant's conviction when sole witness to the crime was a child witness).
Moreover, arguments concerning the credibility of witnesses generally provide no basis for a challenge to the sufficiency of the evidence. "[T]he weight to be given the evidence and credibility of the witnesses are primarily for the trier of fact." State v. Thomas (1982),70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356, 1357; see, also, State v.Rojas (1992), 64 Ohio St.3d 131, 139, 592 N.E.2d 1376, 1384; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph two of the syllabus. The question is not whether the reviewing court should believe the evidence; but rather, whether the evidence, if believed, is adequate to "convince the average mind of the defendant's guilt beyond a reasonable doubt." Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503. The trier of fact is free to believe all, part, or none of the testimony of each witness who appears before it. See State v. Caldwell (1992),79 Ohio App.3d 667, 607 N.E.2d 1096; State v. Awan (1986),22 Ohio St.3d 120, 123, 489 N.E.2d 277, 280 ("The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its judgment for that of the trier of fact.").
Consequently, we disagree with appellant that Jackie Ann's testimony was insufficient to support the conviction. Once the trial court found Jackie Ann competent, the issue regarding her credibility was within the fact finder's discretion.
We recognize appellant's apparent concern with the lack of direct evidence that he caused the injuries. Appellant notes that Cottrill, Jackie Ann's aunt, stated that she did not observe any bruises on May 7, 1999, when Jackie Ann was in Cottrill's care, and that she observed bruises on Jackie Ann after Jackie Ann returned to appellant's and Daugherty's care. Appellant further notes that the state did not present any expert medical testimony that the spanking could have caused Jackie Ann's injuries.
The elements of an offense may be established by direct evidence, circumstantial evidence, or both. See State v. Durr (1991),58 Ohio St.3d 86, 568 N.E.2d 674. Circumstantial and direct evidence are of equal evidentiary value. See Jenks (1991), 61 Ohio St.3d at 272,574 N.E.2d at 502 ("Circumstantial evidence and direct evidence inherently possess the same probative value [and] in some instances certain facts can only be established by circumstantial evidence."). When reviewing the value of circumstantial evidence, we note that "the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence." Wesley v. The McAlpin Co. (May 25, 1994), Hamilton App. No. C-930286, unreported (citing Donaldson v. NorthernTrading Co. (1992), 82 Ohio App.3d 476, 483, 612 N.E.2d 754, 759).
In the case at bar, the jury reasonably could have determined that appellant's conduct caused Jackie Ann's injuries. The state presented sufficient circumstantial evidence, in addition to Jackie Ann's direct testimony, that appellant caused the injuries. The evidence revealed that: (1) Jackie Ann did not have the bruises on May 7, 1999; (2) appellant spanked Jackie Ann; and (3) Jackie Ann was bruised as of May 9, 1999. Presented with the foregoing evidence, a fact finder could rationally infer that appellant's actions caused the bruising. The jury was free to attach the amount of weight to the evidence that it deemed appropriate.
Accordingly, based upon the foregoing reasons, we overrule appellant's second and third assignments of error.
 III
In his fourth assignment of error, appellant argues that his conviction is against the manifest weight of the evidence.
When considering a claim that a conviction is against the manifest weight of the evidence, the reviewing court must dutifully examine the entire record, weigh the evidence and consider the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79,80, 434 N.E.2d 1356, 1357; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
Once the reviewing court has finished its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387,678 N.E.2d at 547 (quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720-21). If the state presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as against the manifest weight of the evidence. State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
After our review of the record in the case sub judice, we find substantial, competent, credible evidence upon which the trier of fact reasonably could conclude that the state had established, beyond a reasonable doubt, the essential elements of the offense of endangering a child. As we noted in our discussion of appellant's second and third assignments of error, the trier of fact did not clearly lose its way and create a manifest miscarriage of justice. We again note that issues relating to the credibility of witnesses and the weight to be given are primarily for the trier of fact. See Thomas; DeHass. The trier of fact is free to believe all, part, or none of the testimony of each witness who appears before it. Caldwell.
Obviously, in the case at bar the jury opted to believe the state's version of the facts. We cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.
Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error.
 IV
In his fifth assignment of error, appellant argues that the trial court erred by admitting improper hearsay testimony. Appellant notes that the trial court permitted Warren and Cyrus to testify that Daugherty stated that she would relinquish custody of Jackie Ann to Cyrus, if Cyrus would permit Daugherty visitation.
Initially, we note that although appellant objected to Cyrus's testimony regarding Daugherty's statement, appellant did not object to Warren's testimony regarding the statement. Thus, appellant waived all but plain error associated with Warren's testimony concerning Daugherty's out-of-court statement. See, e.g., Robb, supra.
Moreover, while appellant arguably preserved the issue concerning Cyrus's testimony about Daugherty's out-of-court statement, we believe that if the trial court's decision to admit the statement into evidence constituted error, the error was harmless. See Crim.R. 52(A) (stating that harmless errors "shall be disregarded"). An error is harmless if the "error, defect, irregularity, or variance" "does not affect substantial rights." Crim.R. 52(A); see, also, State v. Baston (1999),85 Ohio St.3d 418, 424, 709 N.E.2d 128, 134; State v. Zimmerman (1985),18 Ohio St.3d 43, 45, 479 N.E.2d 862, 863. "Otherwise stated, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error." State v. Brown (1992),65 Ohio St.3d 483, 485, 605 N.E.2d 46, 47-48.
 "Before an error of constitutional dimension may be deemed nonprejudicial, a reviewing court must conclude that the error was harmless beyond a reasonable doubt. Chapman v. California (1967), 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705; State v. Williams
(1983), 6 Ohio St.3d 281, 452 N.E.2d 1323, paragraph three of the syllabus. The admission of evidence in violation of a defendant's constitutional rights is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of a defendant's guilt. Id. at paragraph six of the syllabus. If, however, there is a reasonable probability that the evidence complained of might have contributed to the conviction, the error is not harmless beyond a reasonable doubt. State v. Madrigal
(2000), 87 Ohio St.3d 378, 388, 721 N.E.2d 52."
State v. Coyle (Mar. 15, 2000), Ross App. No. 99 CA 2480, unreported; see, also, State v. DeMarco (1987), 31 Ohio St.3d 191, 195,509 N.E.2d 1256, 1260.
In the case sub judice, if we assume for the sake of argument that the trial court's decision to admit Daugherty's out-of-court statement constituted error, the error was harmless. The record, as we explained in our discussion under appellant's second and third assignments of error, contains overwhelming proof that appellant committed the crime. Additionally, we do not believe that a reasonable probability exists that Daugherty's out-of-court statement contributed to the jury's finding of guilt. Rather, our review of the transcript and the exhibits leads us to conclude that the jury's finding of guilt was premised upon Jackie Ann's direct testimony and the circumstantial evidence that appellant committed the act.
Accordingly, based upon the foregoing reasons, we overrule appellant's fifth assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] The court subsequently dismissed count one of the indictment.